IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30682
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SHEILA WALLEN HEARD,
a/k/a Sheila Clemons;
a/k/a Joan A. Hynes;
a/k/a Charlene Ourso;
a/k/a Jill Marie Heavey,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-1378-D
- - - - - - - - - -
July 23, 1998
Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

     Sheila Wallen Heard, federal prisoner # 22535-034, filed a
motion under 28 U.S.C. § 2255 to vacate, set aside, or correct
sentence by a person in federal custody arguing, among other
things, her trial counsel had been ineffective for failing to
file an appeal.  This is the only issue before the court as it is

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the only issue for which a certificate of appealability was issued.

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right.  See Evitts v. Lucey, 469 U.S. 387, 393-95 (1985).  The failure of counsel to perfect an appeal upon request of his client may constitute ineffective assistance of counsel.  See United States v. Gipson, 985 F.2d 212, 215 (5th Cir. 1993).  The Constitution requires that a defendant be fully informed of his right to appeal, including "the procedure and time limits involved and of his right to appointed counsel on appeal."  Childs v. Collins, 995 F.2d 67, 69 (5th Cir. 1993).  A petitioner may be entitled to habeas relief if his attorney failed to inform him properly of his appellate rights, including his right to appeal, the procedure and time limits involved, and the right to appointed counsel on appeal.  Norris v. Wainwright, 588 F.2d 130, 134-35 (5th Cir. 1979).

The district court did not address this aspect of the ineffective assistance of counsel claim.  Accordingly, the dismissal of the § 2255 motion on this point is VACATED and the case REMANDED to the district court for additional proceedings. Additionally, Heard's motion for appointment of counsel on appeal is DENIED.

VACATED IN PART and REMANDED; MOTION DENIED.